## Case No. 14,431.

### UNITED STATES v. ALLEN.

[1 Brunner, Col. Cas. 94;[1] 4 Day, 474.]

Circuit Court, D. Connecticut. April, 1810.

PENAL ACTION—EMBARGO ACT—ACTION—AMOUNT OF PENALTY.

An action of debt will lie in favor of the United States to recover the penalty given by the embargo act [2 Stat. 451], for being knowingly concerned in a foreign voyage in violation of that act. If in such action the defendant plead nil debet, and the issue be found against him, the jury, and not the court, are to fix the amount of the penalty.

[Cited in Walsh v. U. S., Case No. 17,116; Stockwell v. U. S., 13 Wall. (80 U. S.) 543.]

[Appeal from the district court of the United States for the district of Connecticut.]

This was an action of debt brought to the district court, alleging that the defendant [Robert Allen] was master of the schooner Amazon, was concerned in fitting her out, and that by his procurement she escaped without any clearance or permit, and departed from the port of New Haven, and proceeded to a foreign port, contrary to the provisions of the embargo acts, particularly the first supplementary act, approved January 9, 1808, and demanding the penalty of $20,000. The defendant pleaded nil debet, and the jury found a general verdict that "the defendant doth owe," without assessing damages. On this verdict the court assessed damages, and rendered judgment for the amount against the defendant.

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

An appeal being taken to this court, Mr. Staples, for the appellant, urged a reversal of the judgment below on two grounds: 1. That an action of debt is not sustainable in this case. Peake, Ev. 272; 1 Chit. Pl. 105. 2. That if sustainable, the jury, and not the court, ought to have assessed the damages.

The District Attorney, contra.

LIVINGSTON, Circuit Justice. This penalty may be recovered as under the collection law. The eighty-ninth section of that act (1 Stat. 695) authorizes a civil action only to recover the penalty for a breach. The word "suit" implies ex vi termini, a civil action. No part of the collection law contemplates an indictment. The difficulties suggested are real, but the statute has prescribed this course. It has been held by the circuit court in Vermont and in Virginia that the district attorney had no option, but was obliged to bring an action of debt until the enforcing law passed. Till then he was obliged to proceed by suit, and there is no suit adapted to the case but debt.

As to the other point, his honor said, he chose to keep the case sub judice until the next term, and learn the practice in Virginia and New York, where similar actions had been brought. He added, at the same time, that he had an opinion of his own, which was, that the jury ought to have assessed the damages.

At the next term the judgment of the district court in this case was reversed, one of the grounds of reversal being that the jury ought to have assessed the damages.